# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| **WILLIAM MAGYAR,** | ) |
| Plaintiff, | ) CIVIL ACTION NO. |
| | ) 1:25-cv-754 |
| v. | ) |
| | ) COMPLAINT FOR VIOLATIONS |
| | ) OF FAIR CREDIT REPORTING |
| | ) ACT |
| **NATIONAL ASSOCIATION OF** | ) |
| **INDEPENDENT LANDLORDS,** | ) DEMAND FOR JURY TRIAL |
| | ) |
| Defendant. | ) |

## PRELIMINARY STATEMENT

1. This is an action for damages brought by an individual consumer against the Defendant National Association of Independent Landlords (hereafter "NAIL") for violations of the Fair Credit Reporting Act (hereafter the "FCRA"), 15 U.S.C. §§ 1681 *et seq.*, *as amended*.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. §§ 1331.

3. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4. Plaintiff William Magyar is an adult individual who resides in the State of Texas.

5. Defendant NAIL is a business entity that regularly conducts business in the Western District of Texas, and which has a principal place of business located 145 S Fairfax Ave, Los Angeles, CA 90036.

## **FACTUAL ALLEGATIONS**

6. In or around March 2024, Plaintiff was attempting to secure housing from JR Rentals And Property Management ("JR Rentals").

7. As part of Plaintiff's rental application, JR Rentals obtained a consumer report from Defendant.

8. Defendant's report contained derogatory and inaccurate information about Plaintiff.

9. Defendant has been reporting, and did here report, derogatory and inaccurate statements and information relating to Plaintiff to third parties ("inaccurate information").

10. The inaccurate information includes, but is not limited to, a felony conviction for assault.

11. Plaintiff is not a felon, and does not have a felony conviction.

12. The inaccurate information grossly disparages the Plaintiff and portrays him as a felon, when he is not. There is perhaps no greater error a consumer reporting agency can make.

13. In creating and furnishing the Plaintiff's consumer report, Defendant failed to follow reasonable procedures to assure the maximum possible accuracy of the information it reported about the Plaintiff.

14. In fact, even a rudimentary review of the relevant public records would reveal that Plaintiff is not a felon, and does not have a felony conviction.

15. Despite the glaring inaccuracy stated above, Defendant sold to JR Rentals a consumer report that contained the inaccurate information.

16. Defendant has sold reports containing the inaccurate information to third parties since at least June 2024.

17. Defendant has been reporting the inaccurate information through the issuance of false and inaccurate consumer reports that they have disseminated and resold to various persons, both known and unknown.

18. Plaintiff disputed the inaccurate information with Defendant by following Defendant's established procedures for disputing inaccurate reports.

19. Plaintiff has disputed the inaccurate information with Defendant since at least March 2024.

20. Notwithstanding Plaintiff's efforts, Defendant has sent Plaintiff correspondence indicating their intent to continue publishing the inaccurate information and Defendant continues to publish and disseminate such inaccurate information to other third parties, person, entities and employers.

21. Despite Plaintiff's exhaustive efforts, Defendant has nonetheless deliberately, willfully, intentionally, recklessly and negligently repeatedly failed to perform reasonable investigations/reinvestigations of the above disputes as required by the FCRA, has failed to remove the inaccurate information, and has in fact verified the derogatory inaccurate information about Plaintiff

22. As a result of the inaccurate report Defendant sold to JR Rentals in March 2024, Plaintiff was denied housing from JR Rentals.

23. The sole basis for that denial was the inaccurate information that appears on Plaintiff's consumer report prepared by the Defendant.

24. As a result of Defendant's conduct, Plaintiff has suffered actual damages in the form of lost rental opportunities, harm to reputation, and emotional distress, including humiliation and embarrassment.

25. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

26. At all times pertinent hereto, the conduct of the Defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of the Plaintiff herein.

## **COUNT I – VIOLATIONS OF THE FCRA**

27. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

28. At all times pertinent hereto, Defendant was a "person" and a "consumer reporting agency" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

29. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

30. At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

31. Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, Defendant is liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. § 1681e(b) and 1681i.

32. The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to Plaintiff that are outlined more fully above and, as a result, Defendant is liable to Plaintiff for the full amount of statutory, actual, and punitive damages, along with the attorney's fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## **JURY TRIAL DEMAND**

33. Plaintiff demands trial by jury on all issues so triable.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendants, based on the following requested relief:

(a) Actual damages;

(b) Statutory damages;

(c) Punitive damages;

(d) Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n and 1681o; and

(e) Such other and further relief as may be necessary, just and proper.

Respectfully submitted,

**FRANCIS MAILMAN SOUMILAS, P.C.**

BY: */s/ Joseph L. Gentilcore*
Joseph L. Gentilcore, Esquire
1600 Market Street, Suite 2510
Philadelphia, PA 19103
Tel: (215) 735-8600
Fax: (215) 940-8000
jgentilcore@consumerlawfirm.com

Dated: May 16, 2025                *Attorneys for Plaintiff*